## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | Chapter    13 |
|     Martha Cecilia Rojas, | ) | |
| | ) | Case No.    19-51242 |
|     Debtor | ) | |
| | ) | ECF Nos.    12, 18 |

### MEMORANDUM OF DECISION AND ORDER DISMISSING CASE WITH PREJUDICE WITH A TWO YEAR BAR TO REFILING

On October 9, 2019, the Court issued an Order to Appear and Show Cause why the Debtor's case should not be dismissed with prejudice as a bad faith filing (the "Order to Appear and Show Cause," ECF No. 12). The Order to Appear and Show Cause was served on the Debtor at the address listed on her Chapter 13 Petition. *See* ECF No. 13. The hearing on the Order to Appear and Show Cause was scheduled to be held on November 5, 2019, at 9:30 a.m. before this Court. The Debtor, Martha Cecilia Rojas, failed to respond to the Order to Appear and Show Cause and failed to appear at the November 5th hearing as required by the Order to Appear and Show Cause.

For the reasons stated on the record during the November 5th hearing on the Order to Appear and Show Cause, the Court finds that the Debtor's Chapter 13 case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process for several reasons including, but not limited to: (i) the Debtor's case is the fourth Chapter 13 case filed since January 26, 2018; (ii) all of the Debtor's prior cases were dismissed for failure to file information and each case was a "bare bones" filing, meaning that nothing other than the Voluntary Petition, an Application to Pay the Filing Fee in Installments, and a Chapter 13 Plan were filed by the Debtor in each of the cases; (iii) the Debtor did not pay some

or all of the filing fee in each of the cases; and (iv) the Debtor's Chapter 13 Plan filed in this case is not feasible and therefore does not meet the requirements to confirm a plan under 11 U.S.C. § 1325.

In addition to the lack of good faith of the Debtor in filing this Chapter 13 case, the Debtor failed to appear at the Section 341(a) Meeting of Creditors in violation of a debtor's duties under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. §343 and Fed. R. Bankr. P. 4002. Furthermore, pursuant to 11 U.S.C. §362(c)(4)(A)(i), because two or more cases of the Debtor were pending within the previous year but were dismissed when the Debtor filed this Chapter 13 case, the automatic stay provided in 11 U.S.C. §362(a) did not go into effect upon the filing of this Chapter 13 case. Also, within the first thirty (30) days of the filing of this Chapter 13 case, the Debtor did not request the stay to take effect in accordance with 11 U.S.C. §362(c)(4)(A)(ii).

Therefore, a review of the totality of the circumstances establishes that cause exists pursuant to 11 U.S.C. §1307(c) to dismiss the Debtor's case. *In re Lin*, 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013*); In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (citing *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)). In addition, pursuant to 11 U.S.C. §349(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances of the Debtor's case, *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd* 198 F.3d 327 (2d Cir. 1999). Accordingly, it is hereby

**ORDERED**: The Debtor's Chapter 13 case is **DISMISSED WITH PREJUDICE** with a two year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code; and it is further

2

**ORDERED:**  The Debtor's case shall remain open until further Order of the Court and the Court shall retain jurisdiction in this case to address any pending motions as of the date of the entry of this Order, including the Motion for Order Maintaining Jurisdiction for Investigation and Possible Action filed by the Office of the United States Trustee.  *See* ECF No. 18.

Dated at Bridgeport, Connecticut this 14th day of November, 2019.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut